UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RONICCA ELLIS,

                    Plaintiff,

                                                            Case # 16-CV-6788-FPG

v.

                                                            DECISION AND ORDER

WILLIE C. WASHINGTON, ET AL.,

                    Defendants.

## INTRODUCTION

Plaintiff Ronicca Ellis brings this action pursuant to 42 U.S.C. § 1983 against Defendant

Willie C. Washington, a Monroe County employee.  Additionally, she raises negligence and state

law sexual harassment claims against Monroe County, the Monroe County Work Experience

Program ("WEP"), Rochesterworks, Inc., 691 St. Paul Street LLC, and the Monroe County

Department of Human Services.  Plaintiff originally filed this suit in the Monroe County Supreme

Court.  Defendants Monroe County, the Monroe County Department of Human Services, and

Monroe County Work Experience Program removed the action to federal court on December 6,

2016. ECF No. 1.  On October 18, 2017, all Defendants except for Washington moved for partial

judgment on the pleadings. ECF No. 30.  Plaintiff responded on November 20, and Defendants did

not reply.  For the reasons stated below, Defendants' Motion is GRANTED in part and DENIED

in part.

## BACKGROUND[1]

Plaintiff participated in Monroe County's WEP, an initiative providing work experience to

individuals receiving public assistance from the County. Her participation in WEP required her to

---

[1] The following facts are taken from Plaintiff's Complaint (ECF No. 1-2).

work as a janitorial trainee and was a mandatory condition of receiving public assistance.  On July 18, 2016, Plaintiff attended a group orientation at her assigned WEP site, the Monroe County Department of Social Services Building, located at 691 St. Paul Street in Rochester, New York.

Plaintiff alleges that Defendant Washington, her supervisor, made sexually offensive gestures to her in front of other Monroe County supervisors during the orientation.  Plaintiff also alleges that Monroe County was aware of previous sexual assault and harassment incidents involving Washington.  Nonetheless, County employees at the orientation advised Plaintiff and her fellow WEP participants to report any instances of sexual harassment to Washington.

On August 3, 2016, Plaintiff was working a morning shift at the Social Services Building when Defendant Washington asked Plaintiff to accompany him to the supply room so that she could help him gather janitorial supplies.  Once Washington and Plaintiff were inside the supply room, Washington blocked the doorway and raped her.  At the time of the rape, Washington told Plaintiff that no one would believe her if she reported him and that she'd lose her public benefits if she did so.  She nonetheless reported the incident to the police and obtained medical treatment afterwards.

## DISCUSSION

### I.    Legal Standard

Defendants have moved under Federal Rule of Civil Procedure 12(c) for judgment on the pleadings.  Rule 12(b)(6) standards[2] apply in deciding a Rule 12(c) motion. *Burnette v. Carothers*, 192 F.3d 52, 56 (2d. Cir 1999). Accordingly, the Court "must accept as true all of the factual allegations contained in the complaint," *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 572 (2007), and

---

[2] Interestingly, Plaintiff argues that Defendants' Motion should be treated as one for summary judgment because it includes material outside the pleadings, but then contradicts that argument later in her brief.  Defendants did not attach any outside material to their Motion, so the Court disregards Plaintiff's argument and analyzes Defendants' Motion under Rule 12(b)(6).

"draw all reasonable inferences in Plaintiff's favor," *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). The Complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  These factual allegations "must be enough to raise a right to relief above the speculative level," *id.* at 545, and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II.    Standing

Plaintiff makes a standing argument that the Court must decide before it can address the other claims. *See Warth v. Seldin*, 442 U.S. 490, 498 (1975); *Cty. of Clinton v. Warehouse at Van Buren St., Inc.*, 496 B.R. 278, 280 (N.D.N.Y. 2013).  Plaintiff argues—erroneously and without citing any caselaw—that Monroe County lacks standing to dismiss an official capacity § 1983 suit against Washington, who did not join the other Defendants' Motion for Judgement on the Pleadings.  Plaintiff's argument disregards the axiom that claims against a government actor in his official capacity equate to claims against the government entity itself and do not subject the individual actor to liability. *See Kentucky v. Graham*, 473 U.S. 159, 156 (1978).  Accordingly, it is proper for Monroe County—the government entity behind Washington—to move to dismiss the official capacity claim against him. *See, e.g.*, *Blount v. Miss. Dep't of Human Servs.*, No. 3:14-cv-336-DPJ-FKB, 2016 WL 4385059, at *4 (S.D. Miss. Aug. 16, 2016); *Ford v. Willson*, No. 93 C 20342, 1995 WL 360458, at *1 n.2 (N.D. Ill. June 6, 1995) ("The City has standing to bring such a motion because it has been named as a defendant via the naming of [the City's employee] in his official capacity.").  Monroe County therefore has standing to move to dismiss the claims against Washington in his official capacity.

III.     **Unopposed Dismissals**

Defendants move to dismiss Plaintiff's claims against the Monroe County Department of Human Services, which is merely an administrative arm of the County and therefore cannot be sued under New York Law. *See Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002).  Plaintiff does not oppose this argument. *See* ECF No. 35 at 2.  Plaintiff also concedes that the WEP is not a separate legal entity subject to suit and that RochesterWorks, Inc. does not employ Washington or Plaintiff and that there is therefore no theory of recovery against it.  Consequently, the claims against the Monroe County Department of Human Services, the WEP, and RochesterWorks, Inc. are DISMISSED.

IV.     **Official Capacity Suit Against Washington**

The Complaint does not specifically allege whether Washington is liable in his individual or official capacity, so the Court must assume that Plaintiff intended to sue him in both capacities. *See Oliver Sch., Inc.* v. *Foley*, 930 F.2d 248, 252 (2d Cir. 1991).  The individual claims against Washington are not relevant to this Motion, so the Court will discuss only the official capacity claims against him.

The official capacity claim against Washington is functionally a claim against Monroe County. *See Graham*, 473 U.S. at 156.  Monroe County in turn can be "held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom," policy, or practice. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978)).  Plaintiff bases her *Monell* claim on a "deliberate indifference" theory of recovery, which equates a municipality's "policy of inaction in light of notice that its program will cause constitutional violations" with "a decision by the city itself to violate the Constitution." *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

4

Plaintiff's Complaint plausibly alleges a *Monell* violation.  It alleges that the County was aware of sexual assault and harassment incidents involving Washington and that he harassed Plaintiff before the alleged rape.  Despite the County's knowledge of Washington's conduct, County officials blatantly disregarded this knowledge and specifically told WEP participants to report incidents of sexual misconduct to Washington, effectively placing the fox in charge of the hen house.  These allegations establish at the pleading stage that Monroe County exhibited a policy of inaction in light of notice that its program would cause constitutional violations.

Because municipalities are not liable for their employees' purely private acts, Plaintiff must also show that Washington acted under "color of law." *See Claudio v.* Sawyer, 675 F. Supp. 2d 403, 410 (S.D.N.Y. 2009) ("Without a state actor, there can be no independent constitutional violation" and a "claim against [a municipality] will necessarily fail.")  Defendants argue that, even if Plaintiff established a custom, policy, or practice, the "§1983 claim [must] still fail because Defendant Washington was not acting under color of law when he allegedly sexually assaulted Plaintiff." ECF No. 30-2 at 8.

An official acts under color of state law when his actions are "made possible only because the wrongdoer is clothed with the authority of state law." *U.S. v. Walsh*, 194 F.3d 37, 51 (2d Cir.1999).  Washington allegedly used his apparent authority as a County supervisor when he lured Plaintiff to the janitor's closet, raped her, and threatened to terminate her benefits if she reported his actions or refused to acquiesce in his demands.  His supervisory position with the County thus aided his wrongful conduct and, accordingly, Plaintiff has plausibly alleged that Washington acted under color of law.

**V.      Claims Against 691 St. Paul Street, Inc.**

Plaintiff raises a negligence claim against 691 St. Paul Street LLC, which leased the Monroe County Department of Social Services Building to the County.  Defendants argue that 691 St. Paul was not Plaintiff or Washington's employer, so "it is impossible to determine under what theory Plaintiff claims" it was liable. ECF No. 30-2 at 6.  The Complaint, however, alleges that 691 St. Paul Street was "responsible for maintaining, overseeing, and otherwise securing the building while the Monroe County Work Experience Program personnel, including defendant Washington, were engaged in Monroe County business at said building." ECF No. at 5. Accordingly, it is evident from the Complaint that Plaintiff's negligence theory as to Defendant 691 St. Paul Street, LLC is that its security practices were inadequate.  Discovery may indicate otherwise, but Plaintiff has stated a claim at the initial pleading stage.

## CONCLUSION

For the reasons stated, Defendant's Motion for Judgment on the Pleadings (ECF No. 30) is DENIED in part and GRANTED in part.  The claims against RochesterWorks, the WEP and the Monroe County Department of Human Services are dismissed, and the claims against Willie Washington in his official capacity and 691 St. Paul Street LLC survive.

IT IS SO ORDERED.

Dated: July 25, 2018
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court