UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RONICCA ELLIS,

                              Plaintiff,

            v.

WILLIE C. WASHINGTON,

                              Defendant.

_____

DECISION & ORDER

16-CV-6788MWP

## PRELIMINARY STATEMENT

        Plaintiff Ronicca Ellis commenced this action on December 16, 2016, against defendant Willie C. Washington.[1]  (Docket # 1).  On January 27, 2020, the parties consented to have a United States magistrate judge conduct all further proceedings in this case, including the entry of final judgment, pursuant to 28 U.S.C. § 636(c).  (Docket # 60).  On November 7, 2022, this Court issued the pending Order to Show Cause why this case should not be dismissed with prejudice for failure to prosecute pursuant to Rule 41(b) of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York.  (Docket # 90).

        As explained in the Order to Show Cause, this case, which was commenced more than six years ago, has been scheduled for trial four separate times.  (Docket ## 1, 66, 80, 84, 90).  The first two trial dates were adjourned due to the public health emergency caused by the global COVID-19 pandemic and defendant's medical condition.  (Docket ## 72, 84).  As a result

---

[1] The complaint named several other defendants who have since been dismissed from the action.  (Docket ## 1, 52).

of those adjournments, the matter was scheduled for trial to commence on October 11, 2022.
(Docket # 84).

        The Court conducted a status conference on September 8, 2022, during which
counsel advised that they were prepared to proceed with the trial scheduled for October, and the
Court scheduled a pretrial conference for October 5, 2022.  (Docket # 87).  By email dated
September 23, 2022, plaintiff's counsel, Michael Cobbs, Esq., informed the Court that he had
been unable to reach his client since at least September 20, 2022, despite repeated efforts.  A few
days later, on September 28, 2022, Cobbs requested an adjournment of the trial due to his
continued inability to contact his client.  Cobbs represented that he had attempted to reach his
client by telephone and letters to her last known address and by attempting to speak to known
family members.  He also represented that he had investigated whether she had been
incarcerated.  Based upon those representations and the defendant's lack of opposition, the Court
adjourned the trial.  (Docket # 88).

        After confirming counsel's availability, by Order dated October 11, 2022, the
Court scheduled trial for November 14, 2022, and a pretrial conference for November 7, 2022.
(Docket # 89).  In his email confirming his availability for both the trial and the conference,
Cobbs represented that he still had not had any communication with his client.  Accordingly, in
its Order the Court directed that the parties appear in person at the pretrial conference.  (*Id.*).
The Order further provided, "**Failure by any party to attend the in-person pretrial status
conference may result in sanctions, including dismissal of the complaint, striking of the
answer, default judgment, and/or cancellation of the trial.**"  (*Id.*).

        On November 7, 2022, this Court held the pretrial conference.  (Docket # 91).
The defendant and his counsel appeared in person, and Cobbs appeared telephonically due to a

calendaring mistake.  Despite the Court's direction, Ellis did not appear.  During the conference, Cobbs represented that he had attempted to contact his client by phone, through mail to her last known addresses, and through family members.  He also represented that his office had attempted to determine whether she had been incarcerated but did not find any information to suggest that she had been.  Cobbs represented that he had mailed to plaintiff at her last known address copies of this Court's previous order scheduling the trial for October 11, as well as the Court's most recent Order scheduling the trial for November 14 and directing her appearance at the November 7 pretrial conference.  Based upon plaintiff's failure to appear for the court-ordered conference or to communicate with her counsel, the Court cancelled the scheduled trial and issued the pending Order to Show Cause.  (Docket # 90).

On November 21, 2022, Cobbs responded to the Order to Show Cause and requested a forty-five day "adjournment" of time to respond.  (Docket # 92).  Cobbs represented that he still had not heard from Ellis, and he requested the additional time in order to permit his office to hire a private investigator to locate her.  (*Id.*).  Cobbs also requested that any dismissal of the case be without prejudice.  (*Id.* at ¶ 23).

Defendant opposed Cobbs's request for an adjournment, maintaining that Ellis's failure to communicate with her counsel suggested that she had no further desire to prosecute this matter.  (Docket # 94).  Defendant also reiterated his desire to have this matter resolved, particularly in light of his deteriorating health, including the need for additional surgery.  (*Id.*).

By Order dated November 29, 2022, the Court denied Cobbs's request for an "adjournment," noting that he did not require permission from the Court to hire a private investigator to locate Ellis – a task that could have been undertaken at any time following Cobbs's loss of contact with his client.  (Docket # 93).  The Court nevertheless indicated that it

would permit plaintiff to submit a reply in further response to the Court's November 7 Order to

Show Cause.  (*Id.*).  The Court directed that any such reply be filed on or before January 5, 2023,

approximately forty-five days after the requested adjournment.  (*Id.*).  That deadline has now

passed without any further submission from plaintiff.


## DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the dismissal of an

action for failure to prosecute, providing in relevant part:

> If the plaintiff fails to prosecute or to comply with these rules or a
> court order, a defendant may move to dismiss the action or any
> claim against it.  Unless the dismissal order states otherwise, a
> dismissal under this subdivision . . . operates as an adjudication on
> the merits.

Fed. R. Civ. P. 41(b).  Dismissal is warranted under Rule 41(b) where the record demonstrates

that the plaintiff has not been diligent in the prosecution of her lawsuit.  *Lyell Theatre Corp. v.*

*Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982).  Moreover, "prejudice resulting from unreasonable

delay may be presumed as a matter of law."  *Peart v. City of N.Y.*, 992 F.2d 458, 462 (2d Cir.

1993); *Charles Labs, Inc. v. Banner*, 79 F.R.D. 55, 57 (S.D.N.Y. 1978) ("[t]he operative

condition on a Rule 41(b) motion is lack of due diligence on the part of the plaintiff, not a

showing by defendant that it would be prejudiced") (internal quotation omitted).

A district court considering a dismissal pursuant to Rule 41(b) should consider the

following factors:

1. the duration of the plaintiff's failure to comply with the
   court order;

2. whether plaintiff was on notice that failure to comply
   would result in dismissal;

3. whether the defendant[] [is] likely to be prejudiced by
further delay in the proceedings;

4. a balancing of the court's interests in managing its docket
with the plaintiff's interest in receiving a fair chance to be
heard; and

5. whether the judge has adequately considered a sanction less
drastic than dismissal.

*Chen v. Hunan Manor Enter., Inc.*, 2020 WL 3527920, *5 (S.D.N.Y.) (quoting *Baptiste v.*
*Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam)), *report and recommendation adopted*
*by*, 2020 WL 4932777 (S.D.N.Y. 2020).  Although the rule refers to dismissal upon motion of a
defendant, the Supreme Court has made clear that a court has the inherent authority to dismiss an
action *sua sponte*.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("[t]he authority of a
court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent
power,' governed not by rule or statute but by the control necessarily vested in courts to manage
their own affairs so as to achieve the orderly and expeditious disposition of cases"); *see also*
*Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993); *Taub v. Hale*, 355 F.2d 201, 202
(2d Cir.), *cert. denied*, 384 U.S. 1007 (1966).  In addition, the Local Rules of Civil Procedure for
the United States District Court for the Western District of New York provide that "[i]f a civil
case has been pending for more than six (6) months and is not in compliance with the directions
of the Judge or a Magistrate Judge, or if no action has been taken by the parties in six (6) months,
the Court may issue a written order to the parties to show cause within thirty (30) days why the
case should not be dismissed for failure to comply with the Court's directives or to prosecute."
W.D.N.Y. Local Rule 41(b).

Although dismissal is considered "a harsh remedy to be utilized only in extreme
situations," *see Minnette v. Time Warner*, 997 F.2d at 1027 (internal quotations omitted), "[i]t is

5

beyond dispute . . . that a district court may dismiss a case under Rule 41(b) when the plaintiff refuses to go forward with a properly scheduled trial," *Lewis v. Rawson*, 564 F.3d 569, 580 (2d Cir. 2009) (internal quotation omitted).  Indeed, it is reasonable for a court to treat the failure to appear for a scheduled trial date "more severely" than a failure to comply with discovery or other pretrial deadlines.  *See id*; *see also* 9 Wright & Miller, *Federal Practice & Procedure* § 2369 ("[s]ome courts have held that it is reasonable to treat serious failures to prosecute the litigation more harshly under Rule 41(b) than noncompliance with discovery orders in a timely fashion[;] [a]s a rather dramatic example of serious misbehavior, courts have pointed to nonattendance at trial or a hearing[;] [a] dismissal based on what is deemed a serious failure to prosecute by the court has been found appropriate even when there is no other noncompliance, let alone a pattern, of delay and contumacious conduct by the plaintiff").

In the case at bar, the criteria for dismissal have been met.  Ellis failed to appear for the pretrial conference, despite having been mailed a copy of the Court's order directing that she appear in person, and has been expressly warned by this Court of the consequences of failing to appear.[2]  Moreover, despite repeated attempts to contact Ellis, Cobbs has been unable to reach her for approximately four months.  Other than stating that he has been unable to contact her, Ellis's counsel has proffered no explanation for her non-appearance and lack of cooperation – supporting the inference that she is no longer communicating with her counsel and the conclusion that lesser sanctions would be ineffective to secure her attendance at trial.  *See Hayden v. City of New York*, 2021 WL 9079989, *4 (E.D.N.Y. 2021) ("because [p]laintiff has shown no interest in litigating his case, there is no efficacious option but dismissal[;] . . . [c]ourts

---

[2] It is uncertain whether Ellis actually received this Court's Order warning of the consequences of failing to appear at the pretrial conference.  Cobbs represented, however, that he mailed a copy to Ellis's last known address, and nothing in the record reflects that it was returned as undeliverable or otherwise not received by Ellis.

consistently find that dismissal is appropriate where a plaintiff has disappeared"), *report and recommendation adopted by*, 2022 WL 2758300 (E.D.N.Y. 2022); *Henry v. Prishtina Constr. Designs, Inc.*, 2018 WL 5984866, *2 (E.D.N.Y.) ("[p]laintiff has ceased regular communication with his counsel[;] . . . [g]iven the [p]laintiff's failure to participate in this case . . . , it is unlikely that a sanction other than dismissal will prove effective"), *report and recommendation adopted by*, 2018 WL 5983378 (E.D.N.Y. 2018); *Shaw v. Creditors Fin. Grp.*, 2010 WL 1292771, *2 (W.D.N.Y.) ("[g]iven plaintiff's failure to heed the clear direction of the [c]ourt and his continued failure to communicate with his attorney or the [c]ourt, the [c]ourt can conceive of no lesser sanction than dismissal to effectively address plaintiff's failure to prosecute this action"), *report and recommendation adopted by*, 2010 WL 1292315 (W.D.N.Y. 2010).  Moreover, while prejudice to the defendant from an unreasonable delay "may be presumed," *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999), in this case, further delay may significantly prejudice defendant given his declining health and need for medical surgery.  On this record, I find that Ellis's complaint should be dismissed with prejudice.  *See Lewis v. Rawson*, 564 F.3d at 583 (affirming dismissal with prejudice where plaintiff refused to participate in trial); *Hayden v. City of New York*, 2021 WL 9079989 at *4 (dismissing claims with prejudice where plaintiff ceased communicating with counsel and failed to appear at court-ordered hearings); *Henry v. Prishtina Constr. Designs, Inc.*, 2018 WL 5984866 at *2 (same); *Shaw v. Creditors Fin. Grp.*, 2010 WL 1292771 at *2 (same).

## CONCLUSION

For the foregoing reasons, Ellis's complaint is dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.  Counsel for Ellis

is directed to immediately forward a copy of this Decision & Order to Ellis at her last known

address and file proof of service with this Court.  The Clerk of the Court is directed to enter

judgment for defendant and close this case.

**IT IS SO ORDERED.**


                                                      _s/Marian W. Payson_
                                                       MARIAN W. PAYSON
                                                     United States Magistrate Judge


Dated:  Rochester, New York
           January 18, 2023